IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER ROBINSON     *
        Petitioner,
v.     *     CIVIL ACTION NO. JFM-10-73
OTIS MERRIT, WARDEN, et al.
        Respondents.     *
                        ***

## ORDER

On January 12, 2010, the court received for filing this "*pro bono*" counseled[1] petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, alleging that petitioner, a pre-trial detainee, is awaiting trial on counts of attempted first-degree murder, conspiracy to commit first-degree murder, use of a handgun, and other related charges in the Circuit Court for Baltimore City. Trial is currently scheduled to begin on January 26, 2010.

Counsel argues that petitioner is being unlawfully detained in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. He uses various buzz phrasing such as "due process," "reasonable bail," and "cruel and unusual punishment" to support his constitutional claims. Counsel asserts that petitioner is being held in jail without "a shred of admissible evidence against him." He asks that the petition be considered in an "expedited" manner.

Neither the $5.00 habeas filing fee nor an indigency application accompanied this counseled petition. Rather, counsel simply alleges that petitioner is indigent and asks that he be allowed to proceed *in forma* pauperis. Paper No. 1 at 2. Counsel shall not be required to correct this deficiency

---

[1] Counsel asserts that he represents petitioner in state court and, as his representation does not extend to this proceeding, this action is currently proceeding with *pro bono* representation. Paper No. 1 at 2.

and comply with local and federal rule requirements as, for reasons to follow, the petition shall be dismissed.

Unless extraordinary circumstances are present, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *see also Green v. Jefferson County Com'n*, 563 F.3d 1243, 1250 (11th Cir. 2009) (explaining that *Younger* "stated the general rule that a federal district court must refrain from enjoining pending criminal state court proceedings except under certain special circumstances."). Pre-trial habeas relief under § 2241 is only available if "special circumstances" justify the provision of federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987). While the phrase "special circumstances" lacks precise technical meaning, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without federal pre-trial intervention. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3$^{d}$ Cir. 1975).

The court has examined counsel's memorandum, which includes a proffered factual background of the criminal incident and a discussion of the legality of the photo array process as **successfully** argued on motion at a December 29, 2009 suppression hearing before Circuit Court Judge John Philip Miller. Counsel is, in effect, arguing that special circumstances exist for this court to issue pre-trial habeas relief under § 2241 given his client's absolute innocence,[2] the state's failure to dismiss the charges, and Judge Miller's refusal to reduce petitioner's $800,000.00 bail.

The court disagrees. Counsel may be frustrated with the state prosecutorial and jurisdictional process and its affect on his client, but the court finds this an insufficient reason to intervene before

---

[2] Counsel argues that petitioner has no adult or juvenile criminal record, he is indigent, and there is not a scintilla of evidence against him.

the state court criminal process plays out. Petitioner is involved in an ongoing criminal proceeding in which he can present evidence of his innocence. The state has an important interest in administering its criminal justice system free from federal intrusion.

Accordingly, it is this 13th day of January, 2010, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The petition for writ of habeas corpus IS DENIED;

2. Leave to proceed *in forma pauperis* IS DENIED as moot; and

3. The Clerk SHALL CLOSE this case.

                                            /s/
                                       J. Frederick Motz
                                       United States District Court